UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Oscmeta Harris,

        Plaintiff,

v.

Scheels All Sports Inc.,

        Defendant.

Case. No. 23-cv-634 (JRT/DJF)

ORDER AND
REPORT AND RECOMMENDATION

## INTRODUCTION

This matter is before the Court on Defendant Scheels All Sports Inc.'s ("Scheels") Motion to Dismiss (ECF No. 12), and *pro se* Plaintiff Oscmeta Harris's self-styled motion to dismiss Defendant's Motion to Dismiss ("Self-Styled Motion") (ECF No 22.)[1]  For the reasons set forth below, the Court recommends that Scheels's Motion to Dismiss be granted and Ms. Harris's Self-Styled Motion be denied.[2]

## BACKGROUND

Ms. Harris alleges that on May 27, 2021, she and her husband visited a Scheels store in Eden Prairie, Minnesota to purchase firearms ("Complaint") (ECF No. 1-3 at 1).  She claims that after initially passing a background check to purchase the firearms, her husband felt faint and required

---

[1] The undersigned United States Magistrate Judge considers this matter pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1.

[2] Scheels filed its Motion to Dismiss on March 22, 2023. (ECF No. 12.) Ms. Harris's response was due April 12, 2023. L.R. 7.1(c)(2) (a responding party has 21 days to file and serve a response to a dispositive motion).  On April 12, 2023, Ms. Harris moved for a seven-day extension to file her response ("Motion for Time Extension") (ECF No.19).  Ms. Harris filed her Self-Styled Motion in response to Scheels's Motion to Dismiss on April 14, 2023 (ECF No. 22).  The Court grants Ms. Harris's Motion for Time Extension and construes her Self-Styled Motion as a timely filed response to Scheels's Motion to Dismiss.

medical attention. (*Id.*) Ms. Harris alleges that after her husband's medical episode, the store manager instructed an employee not to sell any firearm to Ms. Harris or her husband and to refund their money. (*Id.*) She claims that the same manager was friendly to white customers and gave them a discount. (*Id.*) Ms. Harris further alleges that she and her husband returned to the store the following day, but the store manager again did not permit them to purchase firearms. (*Id.*) Ms. Harris believes the store manager's denial was based on her race and thus alleges Scheels discriminated against her in violation of the Minnesota Human Rights Act ("MHRA"). (*Id.*)

On May 25, 2022, Ms. Harris filed a charge of discrimination with the Minnesota Department of Human Rights ("MDHR").[3] (ECF No. 16-1 at 3.) On November 16, 2022, the MDHR issued a No Probable Cause decision ("Decision"). (*Id.* at 1-2.) Ms. Harris appealed the Decision on December 13, 2022. (ECF No. 16-2.) The MDHR reaffirmed its Decision three days later on December 16, 2022 and advised Ms. Harris that she may bring a civil action within 45-days of receiving its final decision ("Right to Sue Letter") (ECF No. 16-3 at 3). Ms. Harris commenced this civil action in state court by serving Scheels with a summons and complaint on February 14, 2023. (ECF No 1-7.) Defendant removed the matter to federal Court on March 15, 2023. (ECF No. 1.)

Scheels moves to dismiss this action as time-barred because Ms. Harris failed to serve her Complaint within the 45-day statute of limitations after receiving her Right to Sue Letter from the MDHR.[4] (*See generally*, ECF No. 13.)

---

[3] While Ms. Harris does not plead facts related to her MDHR discrimination charge, the Court may consider the MDHR records because such documents are considered part of the public record. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (in deciding a motion to dismiss, a court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint).

[4] Ms. Harris's husband also filed a lawsuit arising from the same occurrence and based

2

**DISCUSSION**

Under the MHRA, a complainant must bring a civil action "within 45 days after receipt of notice that the commissioner [of the MDHR] has reaffirmed a determination of no probable cause." Minn. Stat. § 363A.33, subd. 1(2) ("Right to Sue Letter").

Although Ms. Harris alleges she did not receive the MDHR's Right to Sue Letter until December 29, 2022 (ECF No. 23 at 1), "receipt of notice is presumed to be five days from the date of service by mail of the [MDHR's] written notice." Minn. Stat. § 363A.33, subd. 1. Ms. Harris is therefore presumed to have received the MDHR's Right to Sue Letter on December 21, 2022—five days after the MDHR mailed it on December 16. *See Robinson v. VSI Constr., Inc.*, No. 19-cv-1628 (DSD/BRT), 2019 WL 6715186, at *3 (D. Minn. Dec. 10, 2019) ), *aff'd*, 829 F. App'x 741 (8th Cir. 2020) (applying Minn. Stat. § 363A.33 to presume plaintiff received the MDHR's notice five days after the MDHR sent such notice, despite plaintiff's allegation to the contrary, and dismissing plaintiff's civil suit as untimely); *McKenzie v. Rider Bennett*, LLP, No. 05-cv-1265 (JNE/SRN), 2006 WL 839498, at *4 (D. Minn. Mar. 28, 2006) (same); *Paul*, 2023 WL 4421578, at *1 (same).

Thus, the MHRA's 45-day statute of limitations period expired on February 6, 2023, eight days before Ms. Harris commenced her action in state court.[5] The Court therefore recommends that Scheel's Motion to Dismiss be granted, Ms. Harris's Self-Styled Motion be denied, and this matter be dismissed with prejudice as untimely.

---

on allegations nearly identical to those Ms. Harris presents here. *See Jerome Paul v. Scheels Sports, Inc.*, Case No. 23-cv-631 (PJS/DTS), 2023 WL 4421578, at *1 (D. Minn. July 10, 2023). On July 10, 2023, the Court dismissed his action as time-barred. *Id.*

[5] The 45-day period actually expired on February 4, 2023, but since February 4 was a Saturday, Ms. Harris had until Monday, February 6, 2023, to serve her Complaint. Minn. R. Civ. P. 6.01.

3

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Oscmeta Harris's Motion for Time Extension (ECF No. [19]) is **GRANTED**.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant Scheels All Sports Inc.'s Motion to Dismiss (ECF No. [12]) be **GRANTED**;

2. Plaintiff Oscmeta Harris's Self-Styled Motion (ECF No. [22]) be **DENIED**; and

3. This matter be **DISMISSED WITH PREJUDICE**.

Dated: July 27, 2023            *s/ Dulce J. Foster*
                                DULCE J. FOSTER
                                United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).